UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

WILLIAM TOMCZAK,

                                 Plaintiff,              Case # 18-CV-64-FPG

v.                                                                  DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                 Defendant.

## INTRODUCTION

On September 16, 2013, Plaintiff William Tomczak applied for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act. Tr.[1] 20. After his claims were initially denied, he testified at a video hearing before Administrative Law Judge Brian LeCours (the ALJ) on April 18, 2016. Tr. 20. The ALJ issued a decision finding Plaintiff not disabled on August 1, 2016. Tr. 20-37. On November 14, 2017, the Appeals Council declined to amend the ALJ's conclusion, thereby rendering it the Commissioner's final decision. Tr. 1-7.

Plaintiff brings this action seeking review of that decision. ECF No. 1.[2] Both parties moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). ECF Nos. 10, 15. For the following reasons, the Commissioner's motion is GRANTED and Plaintiff's motion is DENIED.

## LEGAL STANDARD

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a

---

[1] "Tr." refers to the administrative record in this matter. ECF No. 7.

[2] The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c).

correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. § 405(g)) (other citation omitted). The Act holds that the Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted). It is not the Court's function to "determine de novo whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F. 3d 496, 501 (2d Cir. 1990).

## DISCUSSION

Plaintiff's sole argument is that the ALJ improperly assigned the opinion of Jeffrey D. Kashin, M.D., little weight based on Plaintiff's substance abuse. ECF No. 10-1 at 15-19.

Plaintiff's argument fails for three reasons. First, an ALJ may consider recorded drug-seeking behavior in evaluating the reliability of a claimant's subjective complaints. *E.g.*, *Pidkaminy v. Astrue*, 919 F. Supp. 2d 237, 250 (N.D.N.Y. 2013).

The record supports the ALJ's finding that Plaintiff's subjective complaints were unreliable based on his drug-seeking behavior. Plaintiff repeatedly appeared at emergency departments complaining of severe pain—and requesting pain medication—that was not corroborated by clinical and diagnostic examinations. Tr. 26-27. More directly, one medical source refused to prescribe medication to Plaintiff based on concerns over substance abuse, Tr. 30, and two medical sources concluded that Plaintiff was "drug seeking." Tr. 27, 29. The ALJ's evaluation of Plaintiff's subjective complaints is thus supported by both the law and the record.

Second, an ALJ may assign a treating source's opinion little weight if it is based on a claimant's questionable, subjective complaints. *Julin v. Colvin*, 826 F.3d 1082, 1086 (8th Cir. 2016). To be clear, an ALJ cannot lawfully reject a medical source's opinion solely because it

relies on subjective complaints. *Mahon v. Colvin*, No. 15-CV-398-FPG, 2016 WL 3681466, at *4 (W.D.N.Y. July 6, 2016). But he can reject the opinion if he previously found the claimant's subjective complaints unsound and the medical source relied on those complaints when reaching his opinion. *See Jackson v. Astrue*, No. 1:05-CV-01061 (NPM), 2009 WL 3764221, at *7 (N.D.N.Y. Nov. 10, 2009).

The latter is what occurred here. The ALJ reviewed the medical source opinions in the record and concluded that Plaintiff's subjective complaints were unreliable based on documented drug-seeking behavior. Tr. 31-32. After making that finding, the ALJ assigned little weight to Dr. Kashin's opinion because, in part, it relied on Plaintiff's subjective complaints. Tr. 32. That determination was proper.

Third, the ALJ properly considered another factor—the length, nature, and extent of the treatment relationship—when he assigned Dr. Kashin's opinion little weight. When a treating physician's opinion is not given controlling weight, the ALJ considers a number of factors to determine how much weight it should receive; one of them is the length, nature, and extent of the treatment relationship. 20 C.F.R. § 416.927(c)(1)-(6).

The ALJ assigned little weight to Dr. Kashin's opinion because the opinion relied on Plaintiff's dubious subjective complaints *and* Dr. Kashin's treatment of Plaintiff consisted of only two treatment "episodes." Tr. 32. The ALJ found that treatment relationship insufficient to provide Dr. Kashin with a complete view of Plaintiff, and lawfully assigned little weight to Dr. Kashin's opinion based, in part, on that finding. *Id.*

**CONCLUSION**

For the foregoing reasons, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 15) is GRANTED and Plaintiff's Motion for Judgment on the Pleadings (ECF No. 10)

is DENIED.  Plaintiff's Complaint (ECF No. 1) is DISMISSED WITH PREJUDICE.  The Clerk of Court will enter judgment and close this case.

    IT IS SO ORDERED.

Dated: May 9, 2019
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court